NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTA L. STONEHILL, | : |
| Plaintiff, | : Civil Action No. 07-1815 (JAP) |
| v. | : |
| | : **OPINION** |
| KIP HAWLEY, in his official capacity as Assistant Secretary of the Transportation Security Administration, et al., | : |
| Defendants. | : |

PISANO, District Judge.

Currently before the Court is a motion to dismiss brought by Defendants Sergeant Rick Stager ("Stager") and Gerald Whitman ("Whitman") (collectively, "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1)-(5). Plaintiff Roberta L. Stonehill ("Plaintiff") opposes the motion and cross-moves for costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2). For the reasons set forth herein, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and denies Plaintiff's cross-motion for costs.

**I.   BACKGROUND**

On April 18, 2007, Plaintiff brought the present action under 42 U.S.C. § 1983 against several federal agencies, federal officials, members of Congress, and local law enforcement

-1-

officials from Denver, Colorado.[1]  The crux of Plaintiff's allegations is that Defendants, jointly and severally, violated her civil rights when they conducted an advanced security screening at the Denver International Airport.  Specifically, Plaintiff alleged that Stager, an officer in the Denver Police Department, along with airport security personnel, "surrounded [her], like a pack of wild animals in search of prey[,]" (Cmplt. at 5, ¶ 11), and that Stager threatened Plaintiff with arrest, (Cmplt. at 5, ¶ 12).  In respect of Whitman, Plaintiff alleged that Whitman, as Chief of Police of the Denver Police Department, is liable for Stager's actions through *respondeat superior* and that he "breached his ministerial duties demonstrating either a condoning of the abusive conduct of . . . Stager or malfeasance in office for not properly addressing Plaintiff's concerns." (Cmplt. at 10, ¶ 31).  Ultimately, Plaintiff seeks $1,000,000 in compensatory and punitive damages plus litigation costs, as well as letters of apology from every Defendant, and requests that the Court impose disciplinary action against Stager, Whitman, and "all the security personnel involved in this matter[,]" and "[t]o grant Plaintiff written permission to travel without fear of future harassment, abuse or any other discriminatory or offensive acts against her."  (Cmplt. at 12).

On August 14, 2007, this Court dismissed Plaintiff's Complaint without prejudice for failure to exhaust administrative remedies.  However, Plaintiff did not serve a copy of the Complaint on Defendants Stager and Whitman until August 15, 2007.  On an application by

---

[1] Plaintiff named as Defendants Kip Hawley, Assistant Secretary, Transportation Security Administration; Michael Chertoff, Secretary, U.S. Department of Homeland Security; Aviation Consumer Protection, U.S. Department of Transportation; FAA Office of Civil Rights; William Allen, Deputy Federal Director, Denver International Airport; Pat Ahlstron, Federal Security Director, Denver International Airport; Gerald Whitman, Chief of Police, Denver Police Department; Sergeant Rick Stager, Denver Police Department; Senator Jon S. Corzine; Senator Frank R. Lautenberg; Representative Jim Saxton, Senator Wayne Allard; Senator Ken Salazar; and Representative John Mica.

Defendants Stager and Whitman, this Court, in an order dated September 7, 2007, reopened the case as to those two Defendants only, permitting them fifteen days in which to file an answer, motion, or other response to the Complaint.  Accordingly, on September 24, 2007, Defendants filed the present motion to dismiss, claiming that: (1) the Court lacks personal jurisdiction, (2) Plaintiff improperly served Defendants, (3) service and process were insufficient as to Defendants, (4) venue is not proper in the District of New Jersey, and (5) Defendants are immune from this action under the Colorado Governmental Immunity Act, Colo. Rev. Stat. 24-10-101 *et seq*.  Plaintiff opposes the motion and cross-moves for costs of service for Defendants' failure to waive service under Federal Rule of Civil Procedure 4.  Defendants oppose that cross-motion.

## II.     DISCUSSION

### A.     Standard of Review

"[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).  "[O]nce the defendant raises the question of personal jurisdiction," however, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Id.* at 146.

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987); *see also* Fed. R. Civ. P. 4(k).  The New Jersey long-arm rule, New Jersey Court Rule 4:4-4(c), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." *Carteret*, *supra*, 954 F.2d at 145.  In

accordance with that protection, a court may exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Whether sufficient minimum contacts exist to assert personal jurisdiction depends upon "the nature of the interactions and type of jurisdiction asserted." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). For instance, where the cause of action "does not arise out of or relate to the [defendant]'s activities in the forum State," but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise general jurisdiction over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n.9 (1984). On the other hand, a court exercises specific jurisdiction when the defendant has limited contacts with the forum state but the suit against him arises out of or relates to those contacts. *Id.* at 414 n.8. Regardless of whether a plaintiff asserts personal jurisdiction under the general or specific jurisdiction theory, a plaintiff must demonstrate that the defendant "has purposefully directed its activities toward the residents of the forum state, or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (internal citation omitted).

A third concept under which a court may find that personal jurisdiction exists is the "effects test" established in *Calder v. Jones*, 465 U.S. 783, 789 (1984). *See id.* at 260-61. Under the effects test, "a court may exercise personal jurisdiction over a nonresident defendant who

commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *Id.* at 261.  Under the law of this Circuit, the effects test requires a plaintiff to demonstrate that:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

*Id.* at 265-66 (footnote omitted).  Moreover, a plaintiff's mere assertion "that the defendant knew that the plaintiff's principal place of business was located in the forum [is] insufficient" to satisfy the third prong of the test.  *Id.* at 265.

     B.     Analysis

Applying those principles of law to this case, Plaintiff must establish that the Court has *in personam* jurisdiction over Defendants Stager and Whitman, both Colorado residents, by virtue of their contacts with New Jersey.  Specifically, accepting as true all of her allegations, Plaintiff must establish that: (1) Stager and Whitman had continuous and systematic contacts with New Jersey; (2) the present action arises out of, or relates to, particular conduct by Stager and Whitman within New Jersey; or (3) Stager and Whitman committed an intentional tort expressly aimed at New Jersey.  Plaintiff must also show that Stager and Whitman purposefully availed themselves of New Jersey's benefits and privileges through their conduct with this State.

Defendants argue that Plaintiff has failed to establish any of these requirements.  In response, however, Plaintiff submits that the law does not require that she make any showing of Defendants' conduct in the State because the New Jersey long-arm rule is inapplicable to her 42

U.S.C. § 1983 claims and ancillary tort law claims.  In particular, Plaintiff states that "[t]his present case does not arise from individuals or business enterprises that beg the question of 'long arm' sufficiency or anything arising from commercial dealings.  As a matter of law, Defendants' line of reasoning is absurd in relation to the federal foundations upon which the claim is brought by Plaintiff[.]" (Pl.'s opp. to motion at 15).  The crux of Plaintiff's argument, then, is that the New Jersey long-arm rule applies only in the context of commercial and business transactions and cannot apply to claims brought under § 1983.

As a threshold matter, the Court rejects Plaintiff's argument that New Jersey's long-arm rule, and the principles of due process, are inapplicable to the consideration of whether the Court maintains personal jurisdiction over these Defendants.  Significantly, although the Court should consider the nature of Plaintiff's claims in addressing subject matter jurisdiction, the Court does not consider the form of Plaintiff's claims on a motion to dismiss for lack of personal jurisdiction.  In fact, the Third Circuit has recently applied the principles of long arm jurisdiction in an action based on § 1983 to determine that a district court lacked personal jurisdiction over nonresident defendants.  *Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007).  Indeed, all that is required to trigger the application of the New Jersey long-arm rule is a nonresident defendant—which is present in this action.  *See Int'l Shoe*, *supra*, 326 U.S. at 316 ("[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." (internal quotation marks omitted)); *Charles Genler & Co. v. Telecom Equip. Corp.*, 102 N.J. 460, 470 (1986) ("The purpose of the minimum-contacts test is to insure the fairness and

reasonableness of requiring a non-resident to defend a lawsuit in the forum state.").

Thus, applying the guidelines established by the New Jersey long-arm rule and the Due Process Clause, the Court finds that Plaintiff has failed to establish that personal jurisdiction exists in this Court over these Defendants. First, the Court does not have general jurisdiction over Stager or Whitman. That is, neither Stager nor Whitman have had continuous and systematic contacts with New Jersey. *See Helicopteros*, *supra*, 466 U.S. at 415-16. As set forth in the Complaint, both Defendants reside and work in Denver, Colorado. (Cmplt. at 2). Stager and Whitman both aver, in their certifications, that they do not have *any* contact with New Jersey in *any* form—a fact unrebutted by Plaintiff. (Defs.' Br., Ex. B & C). Second, the Court also lacks specific jurisdiction over these Defendants. To have specific jurisdiction over Stager and Whitman, this action would have to arise out of Defendants' contacts with New Jersey. However, Plaintiff's Complaint arises only out of conduct occurring in Colorado. Any alleged wrongdoing on the part of Stager and Whitman clearly does not relate to any conduct occurring within New Jersey.

Finally, the Court also concludes that it lacks personal jurisdiction over Stager and Whitman under the effects test. *See IMO Indus.*, *supra*, 155 F.3d at 261. Although Plaintiff's Complaint alleges that Stager and Whitman engaged in intentional torts against her, none of those allegations indicates that Stager and Whitman "expressly aimed [their] tortious conduct at [New Jersey] such that [New Jersey] can be said to be the focal point of the tortious activity[.]" *Id.* at 265-66. Ultimately, the Court finds that neither Stager nor Whitman "has purposefully directed [his] activities toward the residents of [New Jersey], . . . or otherwise 'purposefully avail[ed] [himself] of the privilege of conducting activities within [New Jersey], thus invoking

the benefits and protections of its laws.'" *Id.* at 259 (quoting *Hanson*, *supra*, 357 U.S. at 253). Accordingly, because it would offend traditional notions of fair play and substantial justice, this Court holds that it lacks personal jurisdiction over Stager and Whitman and, thus, refrains from addressing the merits of the remaining arguments and Plaintiff's cross-motion for costs. *See Crocker Nat'l Bank v. Fox & Co.*, 103 F.R.D. 388, 392 (S.D.N.Y. 1984) (noting that, under *World-Wide Volkswagen*, *supra*, district court cannot enter judgment for costs under Federal Rule of Civil Procedure 4 against persons over whom court lacks *in personam* jurisdiction).

### III.     CONCLUSION

For the reasons expressed above, the Court grants Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and denies Plaintiff's cross-motion for costs. Accordingly, the Court dismisses Plaintiff's Complaint in its entirety as to Defendants Stager and Whitman. An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: January 14, 2008